**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.S. and B.S.**

**No. 21-0133** (Raleigh County 19-JA-105-D and 19-JA-106-D)

**MEMORANDUM DECISION**

Petitioner Father R.S., by counsel Reginald D. Henry, appeals the Circuit Court of Raleigh County's January 15, 2021, order terminating his parental rights to C.S. and B.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Timothy P. Lupardus, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interests.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner and the mother were abusing controlled substances, which negatively affected their ability to parent. According to the DHHR, petitioner readily admitted to his heroin addiction and requested help with his addiction. C.S. was removed from the home. At the time the petition was filed, B.S. was in a legal guardianship pursuant to a Kanawha County Family Court order entered in 2014, and he remained in that placement. Petitioner waived his preliminary hearing, and the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

circuit court ordered that he participate in random drug screening and undergo a parental fitness evaluation and a substance abuse evaluation. Petitioner stipulated to the allegations of abuse and neglect in August of 2019, and he requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. It also granted petitioner a six-month improvement period.

In February of 2020, the circuit court held a final review hearing and found that petitioner had successfully completed his improvement period. It ordered the DHHR to begin reunification between petitioner and C.S. The court also granted the mother's motion for an extension of her post-adjudicatory improvement period. Accordingly, petitioner was dismissed from the proceedings but remained as an interested party. The circuit court also ordered the DHHR to provide ninety days of reunification services to petitioner.

In April of 2020, the DHHR filed an amended petition, alleging that petitioner overdosed on heroin but was revived after receiving three doses of Narcan. The DHHR alleged that five-year-old C.S. witnessed petitioner's overdose, stating that "dad would not wake up" and he thought petitioner was dead. The DHHR alleged that petitioner admitted to using heroin, but he stated that it was an isolated incident and disagreed that C.S. needed to be removed from his care. According to the DHHR, petitioner repeatedly denied that C.S. witnessed the event, yet admitted that the child "was even trying to wake [him] up." C.S. further stated, "it's not like there were needles hanging out of my arms, [the child] didn't see anything."

The circuit court held two adjudicatory hearings in August and October of 2020. Although petitioner appeared for the first hearing, he did not appear for the second, but counsel appeared on his behalf. The DHHR presented the testimony of two investigating CPS workers. The DHHR also presented a summary of petitioner's random drug screening results, which included one result in August of 2020 that was positive for amphetamine, methamphetamine, fentanyl, and morphine, and eleven subsequent missed appointments. Petitioner presented no evidence. The circuit court adjudicated petitioner as an abusing parent. Thereafter, petitioner, by counsel, moved for an improvement period, which the circuit court denied.

The circuit court held the final dispositional hearing in January of 2021. Petitioner failed to appear, but counsel appeared on his behalf. The circuit court found that petitioner had "made no efforts to make or maintain contact with the children, his attorney, or the [DHHR]." The court further found that petitioner was unwilling or unable to correct his behaviors and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Finally, the court found that reunification with petitioner was not in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights by its January 15, 2021, order. Petitioner now appeals that order.[2]

---

[2]The mother retains her parental rights. According to the parties, the permanency plan for the children is reunification with the mother with a concurrent plan of adoption for both children by B.S.'s legal guardians.

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that reunification was not in the children's best interests. He argues, without any support from the record, that he had begun receiving drug treatment at the time of the dispositional hearing and that he was unable to obtain the records from the facility prior to disposition. Again, without any citation to the record, he asserts that he moved to continue the proceedings to procure this evidence, but the circuit court denied the motion. He concludes that he was denied an opportunity to present this evidence to the court and the court erred.

Petitioner's brief on appeal is inadequate, both in terms of complying with this Court's rules and in terms of attempting to establish this alleged error by the circuit court. Specifically, petitioner fails to cite to the points of fact relied upon that would entitle him to relief, which is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[3] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted).

---

[3]Rule 10(c)(7) provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Even though this Court has no obligation to hunt for support for petitioner's argument, we have reviewed the record and can find no such support therein. In response to petitioner's claim that the circuit court erred in denying his motion to continue during the dispositional hearing, we note that the circuit court's order does not reflect that any such motion was made, and the transcript of that proceeding has not been provided. As we have previously held,

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 112 (2012) (citations omitted). As petitioner has failed to show that his motion to continue was made and erroneously denied, we find no error in the proceedings in this regard.

Furthermore, regarding the termination of parental rights, pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination is necessary for the children's welfare. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner fails to cite to any evidence contradicting the circuit court's findings, and our review of the record reveals no such evidence. Rather, the record shows that following petitioner's relapse into substance abuse in April of 2020, he abandoned these proceedings in September of 2020. This abandonment is evident by his failure to participate in random drug screening throughout September of 2020 and his absence from the October of 2020 continued adjudicatory hearing and the January of 2021 dispositional hearing. The court found that he had failed to maintain contact with his attorney, the DHHR, or even his children. This evidence fully supports the circuit court's finding that petitioner was "unwilling or unable" to correct his behaviors and remedy the conditions of abuse and neglect and that termination was necessary for the welfare of the children. Petitioner's failure to cite to any evidence supporting his position is fatal to his claim, and we find no error in the circuit court's dispositional order.

Lastly, because the proceedings against the mother are ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(c)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 15, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton